**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Save the Colorado, et al., | No. CV-19-08285-PCT-MTL |
| Plaintiffs, | **ORDER** |
| v. | |
| United States Department of the Interior, et al., | |
| Defendants. | |

Before the Court are Motions to Intervene filed by the Irrigation & Electrical Districts' Association of Arizona (the "Districts' Association") (Doc. 26), and the States of Arizona, California, Colorado, Nevada, Utah and Wyoming (the "States") (Doc. 28). For the reasons expressed herein, the Court grants both Motions pursuant to Rule 24(a) of the Federal Rules of Civil Procedure.

**I.   BACKGROUND**

This action has the potential to affect the Glen Canyon Dam, which sits along the Colorado River (the "River") and is a source of hydroelectric power.  The States depend on the hydroelectric power produced by water from the River and the money derived therefrom. (Doc. 28 at 10-11.) As such, they are heavily involved shaping legal policy concerning the River through federal legislation and judicial advocacy. (*Id.* at 5-6.) The States are also subject to interstate compacts and other legal provisions concerning hydroelectric power and allocations of River water. (*Id.* at 5, 10-11.)

The Districts' Association consists of not-for-profit entities, including municipal corporations "whose primary responsibility is to provide reliable, cost-based electric service. . . ." (Doc. 26 at 10.) Members of the Districts' Association contract for hydropower from the Glen Canyon Dam and facilities downstream from that Dam. (*Id.* at 1, 11.)

## II.     LEGAL ANALYSIS

### A.     Standard for Mandatory Intervention

Rule 24(a)(2) of the Federal Rules of Civil Procedure commands that a court grant a timely motion to intervene if the movant: (1) "claims an interest relating to the property or transaction" at issue; (2) is situated in a way that "disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest"; and (3) "existing parties [do not] adequately represent that interest." The Court must also consider whether intervention will cause prejudice or undue delay. Fed. R. Civ. P. 24(b)(3).

### B.     Application

Given the early stage of this case and that the administrative record has not yet been filed, the Court finds that the motions are timely. For the same reasons, intervention will not cause prejudice or undue delay.

#### 1.     The States

As their Motion (Doc. 28) thoroughly explains and this Order has briefly outlined, the States have alleged an interest in River water allocation (*id.* at 5) and hydroelectric power (*id.* at 10) produced by the River. Plaintiffs in this action want the Department of the Interior to give greater consideration to the impact of climate change in its plan to manage the Glen Canyon Dam. (Doc. 1 at 3.) Ultimately, the disposition of that issue might impede the States' ability to protect their hydropower and water allocation interests. While the States have some overlapping interests with the Department of the Interior, the States' interests are more parochial than that of the federal government. Thus, the Court must allow the States to intervene pursuant to Fed. R. Civ. P. 24(a)(2).

/ / /

### 2. The Districts' Association

The Districts' Association notes that many of its members have contracts for hydropower from either the Glen Canyon Dam or dams that are located downstream. (Doc. 11 at 26.) Additionally, it argues that Congress specifically provided that municipalities and other public corporations are the preferred consumers of hydropower from the Dam. (Doc. 26 at 10; 43 U.S.C. § 485h(c)(1).) Those are the precise type of entities that comprise the Districts' Association.

The Districts' Association is affiliated with the Colorado River Energy Distributors Association, which is already an intervenor in this case. (Doc. 13.) The Districts' Association alleges that this case might implicate dams that do not concern the Distributors Association. (Doc. 26 at 2.) Districts' Association thus claims a protectable interest in the property at issue that is not adequately represented by an existing party. The Court must permit intervention under Rule 24(a)(2).

Accordingly,

**IT IS ORDERED** granting the Motions to Intervene (Docs. 26 and 28) pursuant to Fed. R. Civ. P. 24(a)(2).

**IT IS FURTHER ORDERED** that, consistent with the Scheduling Order's application to the Distributor's Association Intervenor (Doc. 25), the States and the Districts' Association shall have an additional 3 days for filings for the limited purpose of avoiding duplication with the government Defendants.

Dated this 23rd day of April, 2020.

Michael T. Liburdi
United States District Judge