**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Save the Colorado, et al., | No. CV-19-08285-PCT-MTL |
| Plaintiffs, | **ORDER** |
| v. | |
| United States Department of the Interior, et al., | |
| Defendants. | |

Before the Court is the Motion to Intervene filed by the Central Arizona Water Conservation District, the Metropolitan Water District of Southern California and the Southern Nevada Water Authority (collectively, "the Lower Basin Contractors" or "the Contractors"). (Doc. 35.)  For the reasons expressed herein, the Court grants the Motion pursuant to Rule 24(a) of the Federal Rules of Civil Procedure.

**I.   BACKGROUND**

This action has the potential to affect the flow of water in the Colorado River (the "River").  The Lower Basin Contractors are not-for-profit water utilities. (Doc. 35 at 3.) They have contracts with the United States for delivery of water from the River. (*Id*. at 5.) That water is then used to serve the Lower Basin Contractors' customers.  (*Id*. at 6-8.) Additionally, the Contractors are signatories to agreements concerning the River such as the Colorado River Drought Contingency Plan Agreements. (*Id*. at 6.)

/ / /

/ / /

**LEGAL ANALYSIS**

    **A.**    **Standard for Mandatory Intervention**

Rule 24(a)(2) of the Federal Rules of Civil Procedure commands that a court grant a timely motion to intervene if the movant: (1) "claims an interest relating to the property or transaction" at issue; (2) is situated in a way that "disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest"; and (3) "existing parties [do not] adequately represent that interest." The Court must also consider whether intervention will cause prejudice or undue delay. Fed. R. Civ. P. 24(b)(3).

    **B.**    **Application**

Given the early stage of this case and that the administrative record has not yet been filed, the Court finds that the motions are timely. For the same reasons, intervention will not cause prejudice or undue delay.

The Lower Basin Contractors have alleged an interest in their states' respective apportionment of water under the Colorado River Compact as well as rights under water delivery contracts with the United States. (Doc. 35 at 11.) They also allege an interest in how River water is stored, which this lawsuit might impact. (*Id*.) As to the second prong, the Lower Basin Contractors note that the outcome of this case has the potential to affect water releases and cause disruptions in service for the Contractors and their customers. (*Id*. 12-13.) Thus, this case could impair or impede the Contractors' interests. Finally, Lower Basin Contractors interests do not completely overlap with the federal defendants. The Contractors have to fulfill contract obligations, in part to ensure that tens of millions of customers have water, whereas the federal government's interests are broader. (*Id*. at 14.) The Court must allow the Contractors to intervene.

Accordingly,

**IT IS ORDERED** granting the Motion to Intervene (Doc 35) pursuant to Fed. R. Civ. P. 24(a)(2).

**IT IS FURTHER ORDERED** that, consistent with the Scheduling Order's application to the Distributor's Association Intervenor (Doc. 25), the Lower Basin

Contractors shall have an additional 3 days for filings for the limited purpose of avoiding duplication with the government Defendants.

Dated this 29th day of May, 2020.

Michael T. Liburdi
United States District Judge